## In re WATSON et al.
### Patent Appeal No. 2907.

Court of Customs and Patent Appeals.
May 23, 1932.

Frank B. Fox, of Philadelphia, Pa. (Fraley & Paul, of Philadelphia, Pa., and Charles L. Sturtevant, of Washington, D. C., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Charles S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

We are asked in this appeal to reverse the decision of the Board of Appeals of the United States Patent Office, affirming that of the

Examiner in his rejection of claims 2 and 5 in an application for a patent relating to a warehouse or hand truck.

Claims 2 and 5 follow:

"2. A truck comprising channeled side members and channeled cross members with the channel sides turned and flattened inward under the webs at the side members, the thus flattened portions of said cross members externally overlapping the channel webs of the side members and being secured to said webs."

"5. A truck comprising channeled side members, a channeled cross member with flattened portions externally overlapping and secured to the channel webs of said side members, V-bent legs with their upper ends secured to said side members, and a strap bar brace with midportion secured to that of said cross member and ends twisted into the planes of portions of said legs and secured thereto."

The references relied upon are: Mercer, 869,922, November 5, 1907; Hambay, 1,196,776, September 5, 1916.

The construction of appellants' device is sufficiently shown by the claims. Claim 2 is specifically drawn to flattening the portions of the cross members at the point where they are fastened to the side members. The Board rejected this claim on Mercer, the structure of which differed from appellants' structure only in that in Mercer the sides of the channel at the ends where they are fastened to the side members are cut away, while in appellants' disclosure they are turned inward and flattened. It is argued that this feature of appellants' structure makes the truck stronger. The Board concluded that the Examiner was right in his holding that this was not a patentable distinction, but was merely an obvious mechanical one.

Claim 5 was rejected by the Examiner on Mercer in view of Hambay. The two features to which the claim is directed are, first, that feature which is described in claim 2 as the turning inward of the sides of the cross member; second, the V-bent legs with their upper ends secured to the side members, and a strap bar brace with midportion secured to the cross member and the ends of the same being twisted so as to be easily attached to the cross member and side member.

The first portion of the claim is anticipated by Mercer. With reference to the second portion of the claim, the Board called attention to the fact that Mercer shows two separate leg braces and that Hambay shows a single strap bar secured at its midportion

to the cross member and having its ends secured, respectively, to the two legs, and called attention to the fact that in Hambay the ends of the leg braces are not twisted. The Board saw no invention in twisting the ends of the members in appellants' device to bring them into the plane of the sides of the legs to which they are attached.

We agree with the decision of the Board, and the reasons assigned therefor, and its decision is affirmed.

Affirmed.